## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| JUDDIE SANDS, | |
| *Plaintiff,* | |
| v. | Civil Action No. 5:22-cv-00104 |
| GEORGIA POWER COMPANY, | |
| *Defendant.* | |

## NOTICE OF REMOVAL

Defendant Georgia Power Company ("Georgia Power") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 42 U.S.C. § 2210(n)(2), to remove this case from the Superior Court of Monroe County, Case No. SUCV2022000057 (the "State Court Action") to the United States District Court for the Middle District of Georgia.

### I.    PROCEDURE AND TIMELINESS OF REMOVAL

1.    On February 7, 2022, Plaintiff Juddie Sands filed the State Court Action.

2.    Counsel for Georgia Power accepted service on behalf of Georgia Power on February 8, 2022. Removal is therefore timely under 28 U.S.C. § 1446(b)(1) because Georgia Power filed this notice of removal within 30 days of service.

3.    Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all pleadings and papers on file in the State Court Action are attached as **Exhibits A through G**. They include Plaintiff's Complaint and case initiation form[1], service documents, a stipulation extending the time for

---

[1] Although Plaintiff's Case Information Form in the State Court did not identify any related matters, Plaintiff's action was filed in the State Court contemporaneously with three other actions arising from the same alleged acts or omissions—*Fleming et al. v. Georgia Power Company*,

Georgia Power to answer the Complaint, and entries of appearance of Plaintiff's counsel.  Georgia Power has not yet filed a responsive pleading in the State Court Action. Georgia Power also is not aware of any pending motions or briefs in the State Court Action as of the time of filing the instant Notice of Removal.

4.    Pursuant to 28 U.S.C. § 1446(d), Georgia Power is serving written notice of removal of this action on Plaintiff's counsel.  A copy of that notice, attached as **Exhibit H**, will be promptly filed with the Clerk of the Superior Court of Monroe County.

5.    Based on the foregoing, the procedural requirements for removal set forth in § 1446 are satisfied.

6.    Jurisdiction is proper in this Court, as further explained below, under the Price-Anderson Amendments Act of 1988.  *See* 42 U.S.C. § 2210(n)(2).

7.    Venue is proper under the Price-Anderson Amendments Act because this Court is in the United States District Court for the district in which the alleged incidents took place.  *See id.*

---

SUCV2022000054, *Houston Kyle Cass v. Georgia Power*, SUCV2022000055, *Steven Stowe, Jr. v. Georgia Power Company*, SUCV2022000056.  Georgia Power respectfully submits that *Fleming*, *Cass,* and *Stowe*, removed to this Court at the same time as the instant action, are related to the instant case.  Georgia Power further submits that three cases pending in the Middle District of Georgia arising from the same alleged acts or omissions are also previously pending actions related to the instant case. *See Cansler et. al v. Georgia Power*, M.D. Ga. Case No. 5:21-cv-00401-TES, Monroe Cty. Sup. Ct. Case No. SUCV2021000407; *Bowdoin et. al v. Georgia Power Company*, No. M.D. Ga. Case No. 5:21-cv-00402-TES, Monroe Cty. Sup. Ct. Case No. SUCV2021000408; *Quinn v. Georgia Power Company*, M.D. Ga. Case No. 5:21-cv-00403-TES*, Monroe Cty. Sup. Ct. Case No. SUCV2021000409.

II.    **GROUNDS FOR REMOVAL**

    a.  **Background**

8.    Georgia Power is an electric utility serving residents across the State of Georgia.  It operates power generating facilities across the state, including solar, hydroelectric, nuclear, coal and natural gas plants.[2]

9.    Georgia Power's Plant Scherer in Monroe County, Georgia is a coal-fired power plant that began operating in 1982.  *See* Compl. ¶¶ 9, 12.

10.    As a coal-fired power plant, Georgia Power's Plant Scherer is subject to rigorous environmental, safety, and financial oversight from federal and state regulators, including but not limited to the United States Environmental Protection Agency, the Federal Energy Regulatory Commission, the Georgia Department of Natural Resources, the Occupational Safety and Health Administration, and the Georgia Public Service Commission.

11.    At Plant Scherer, coal is combusted to generate heat, which generates steam to turn turbines, which, in turn, generate electric power.  *See* Compl. ¶ 15.  Access to water (to produce steam) is therefore critical to the operation of Plant Scherer, as it is for any thermal power plant. Therefore, Georgia Power constructed Lake Juliette to ensure an adequate supply of water for electricity generation at Plant Scherer without overburdening the nearby Ocmulgee River.  *See id*.

12.    The coal combustion process also generates residual material known as coal combustion residuals ("CCR").  Like many other coal-fired power plants, Georgia Power's Plant Scherer has stored some CCR onsite in a regulated impoundment.  40 C.F.R. Part 257, Subpart D ("CCR Rule"); Georgia Comp. R. & Regs. r. 391-3-4-.10.

---

[2] *See* https://www.georgiapower.com/company/energy-industry/generating-plants.html

### b. Plaintiff's claims

13. Notwithstanding Georgia Power's forty years of safe operation of Plant Scherer, Lake Juliette, and the Plant Scherer CCR impoundment, Plaintiff has filed the State Court Action in which he alleges that she has been injured and her property has been damaged by Georgia Power's operation of Plant Scherer.

14. Plaintiff alleges that at Plant Scherer, Georgia Power uses coal containing toxic elements as fuel and that CCR produced at Plant Scherer contains "materials" that are known carcinogens and neurotoxins. Compl. ¶¶ 19-20. Plaintiff alleges that Plant Scherer's operations have released those constituents and that her exposure to those constituents is the cause of her alleged personal injury. Compl. ¶¶ 32-33, 38, 42-45. Plaintiff also asserts that soil on her property was contaminated during rain events by "toxins" released as air deposition from Plant Scherer. *Id.* ¶¶ 34.

15. Plaintiff further alleges that CCR toxins have leached into the groundwater from the CCR impoundment. Compl. ¶¶ 25-27. Plaintiff alleges that CCR constituents that have leached into groundwater from Georgia Power's operations at Plant Scherer have migrated onto her property, exposing her to "toxins from coal ash" in her drinking water. *Id.* ¶ 28; *see id.* ¶ 25, 26, 66.

16. In her Complaint, Plaintiff asserts four substantive causes of action against Georgia Power: negligence, negligent failure to warn, nuisance, and trespass. Each of those claims arises from Plaintiff's allegations that Georgia Power's operation of Plant Scherer has contaminated her property with "toxic and hazardous" contaminants allegedly released as air emissions and as leachate from the CCR impoundment. *See* Compl. ¶¶ 46-96.

### c.  The Price Anderson Amendments Act of 1988

17.     This Court has original jurisdiction over this matter pursuant to the Atomic Energy Act of 1954, 42 U.S.C. § 2201, *et seq.*, and its amendments, including the Price-Anderson Amendments Act of 1988, Pub. L. No. 100-408, 102 Stat. 1066 (1988).

18.     The Price-Anderson Amendments Act of 1988 provides in relevant part:

> With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy.  Upon motion of the defendant . . . any such action pending in any State court . . . shall be removed or transferred to the United States district court having venue under this subsection. . . . In any action that is or becomes removable pursuant to this paragraph, a petition for removal shall be filed within the period provided in section 1446 of title 28 or within the 30-day period beginning on … August 20, 1988, whichever occurs later.

42 U.S.C. § 2210(n)(2).

19.     A "public liability action," as used in § 2210(n)(2) means "any suit asserting public liability." *Id.* § 2014(hh).

20.     "Public liability," means "any legal liability arising out of or resulting from a nuclear incident." *Id.* § 2014(w).

21.     "Nuclear incident" is defined as "any occurrence . . .within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." *Id.* § 2014(q).

22.     The term "source material" refers to "uranium, thorium, or any other material which is determined by the [Nuclear Regulatory] Commission pursuant to the provisions of section 2091

of this title to be source material.[3] *Id.* § 2014(z)(1). Exercising its Congressionally-granted authority, the Nuclear Regulatory Commission has determined that source material includes uranium "in any physical or chemical form." 10 C.F.R. § 40.4.

23.    Thus, generally, § 2210(n)(2) applies to any suit asserting personal injury or property damage arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of uranium and other source materials. *See Pinares v. United Techs. Corp.*, 973 F.3d 1254, 1261 (11th Cir. 2020).

24.    The United States Supreme Court has explained the jurisdictional impact of the Price-Anderson Act of 1988 on state law claims as follows:

> [T]he Price-Anderson Act transforms into a federal action, "any public liability action arising out of or resulting from a nuclear [incident]," § 2210(n)(2). The Act not only gives a district court original jurisdiction over such a claim, but provides for removal to a federal court as of right if a putative Price-Anderson action is brought in a state court.

*El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 484-85 (1999) (citations omitted). The Eleventh Circuit has stated that, after the Price-Anderson Amendments Act of 1988, "a public liability action can never be 'brought under State law.'" *Pinares*, 973 F.3d at 1261.

25.    Furthermore, the Eleventh Circuit has "unambiguously interpreted [the Price-Anderson Act] as creating an ***exclusive*** federal cause of action for nuclear incidents." *Id.* at 1260 (emphasis added); *accord Hand v. Cargill Fertilizer, Inc.*, 157 F. App'x 230, 233 (11th Cir. 2005)

---

[3] The term "source material" is also defined as "ores containing one or more of [uranium or thorium], in such concentration as the Commission may by regulation determine from time to time." *See* 42 U.S.C. § 2014(z)(2). Ore is a "naturally occurring mineral containing a valuable constituent (such as metal) for which it is mined and worked" or "a source from which valuable matter is extracted." Merriam-Webster, https://www.meriam-webster.com/dictionary/ore. Accessed March 8, 2022. The byproducts formed in the combustion process, CCR, which are the alleged sources of the uranium and radionuclides allegedly leaching into the groundwater and contaminating Plaintiff's drinking water, fall outside the definition of ore.

("The federal courts have exclusive jurisdiction over actions arising under the Price-Anderson Act.").

> **d. Plaintiff's claims arise under the Price-Anderson Amendments Act of 1988 and therefore must be adjudicated in this Court.**

26.     Georgia Power disputes the allegations in Plaintiff's Complaint, including but not limited to the allegations that Georgia Power's operations at Plant Scherer caused her personal injury.

27.     Plaintiff claims that her personal injury has been caused by the "toxic materials" and contaminants leaching onto the property where he drew her well water. Plaintiff's claims are purportedly about the "toxins" associated with CCR. *See* Compl. ¶ 17.

28.     Plaintiff generically refers to these alleged "toxins" repeatedly within her complaint. *See, e.g.*, Compl. ¶¶ 2, 20, 21, 25, 27, 32, 33, 34, 35, 36, 38, 42. Her complaint is not about the CCR itself, but the alleged "toxic elements" it contains. *See id.* ¶ 17.

29.     Although the instant Complaint does not reference uranium, a source material, by name, prior, several substantially similar filings against Georgia Power, brought by substantially the same attorneys indicate that this case is, at its core, about exposure to uranium and other radionuclides.

30.     In 2020, substantially the same attorneys filed a complaint against Georgia Power in the case *Arwood et. al. v. Georgia Power*, Fulton Cty. Sup. Ct. Case No. 2020CV338805,[4] alleging personal injury and property damage arising from the alleged constituents of CCR,

---

[4] Georgia Power has moved to dismiss the state court *Arwood* action for lack of subject matter jurisdiction based on the federal courts' exclusive jurisdiction over Price-Anderson Act actions. That motion remains pending.

including uranium. *See* Complaint in *Arwood*, ¶¶ 3, 67, 89, 137-38, 150-51, 153-54, 181, 183, attached hereto as **Exhibit I**.

31.     As early as 2020, Plaintiffs in the *Arwood* action began conducting sampling on their properties for uranium, radionuclides, and other constituents of coal ash. The *Arwood* Plaintiffs rely on that testing to substantiate their claims, which are substantially similar to the instant lawsuit, that allege uranium and other radionuclides have migrated onto their properties. *See* **Exhibit J**. The *Arwood* plaintiffs' focus on uranium and radionuclides continues today, with a planned inspection and sampling event at Plant Scherer commencing April 19, 2022. *See* **Exhibit K**. During that inspection, the *Arwood* plaintiffs intend to collect 52 groundwater samples and 7 surface water samples, all of which will be analyzed for 40 radioactive compounds, including Uranium, Thorium, isotopes of Uranium and Thorium, and radionuclides like Bismuth-214, Lead-214, Radium-226, and Radium-228. *See id.*, Tables 1 and 2.

32.     Moreover, three additional lawsuits against Georgia Power by other Monroe County residents were brought by the same attorneys and allege personal injury and property damage allegedly due to exposure to Georgia Power's operations at Plant Scherer, which allegedly exposed Plaintiffs to uranium, radionuclides, and other constituents. *See Cansler et. al v. Georgia Power*, M.D. Ga. Case No. 5:21-cv-00401-TES, Monroe Cty. Sup. Ct. Case No. SUCV2021000407; *Bowdoin et. al v. Georgia Power Company*, No. M.D. Ga. Case No. 5:21-cv-00402-TES, Monroe Cty. Sup. Ct. Case No. SUCV2021000408; *Quinn v. Georgia Power Company*, M.D. Ga. Case No. 5:21-cv-00403-TES*,* Monroe Cty. Sup. Ct. Case No. SUCV2021000409.

33.    Georgia Power removed *Bowdoin*, *Cansler*, and *Quinn* to this Court under the Price-Anderson Amendments Act of 1988 and 28 U.S.C. § 1331 on November 11, 2021. A hearing on removal was held in front of the Honorable Tilman E. Self on February 16, 2022.

34.    Prior to the hearing, Plaintiff filed the instant lawsuit and seeking to avoid federal jurisdiction, removed all mentions of exposure to uranium and radionuclides, instead recharacterizing the exact same allegations as exposure to "toxic" materials and contaminants.

35.    Plaintiff's disingenuous removal of the word "uranium" from this Complaint, and from the others contemporaneously filed, and her characterization of such constituents as "toxic material" does not change the fact that this case is about alleged exposure to uranium.

36.    Although Plaintiff is generally the master of the complaint, the question of removal does not depend wholly on the face of the complaint. Instead, "a court is entitled to look beyond the wording of the complaint to determine if it has been artfully pleaded to avoid federal jurisdiction." *Wilkinson v. Ga. Power Co.*, Civ. No. 90-120-ALB/AMER(DF), 1992 U.S. Dist. LEXIS 12704, at *4 (M.D. Ga. May 28, 1992) (internal citations omitted). "In sum, the existence of a federal question depends on the **real nature** of the plaintiff's claim, regardless of how it is characterized." *Id.* (emphasis added). *See, e.g.*, *AFLAC, Inc. v. Bloom*, 948 F. Supp. 2d 1374, 1376 (M.D. Ga. 2013) (explaining that federal preemption of a field of law is an exception to the well-pleaded complaint rule).

37.    Because cases alleging personal injury stemming from exposure to uranium and radionuclides fall under the exclusive jurisdiction of the federal court, the "real nature" of Plaintiff's Complaint, however artfully pled, mandates that this case be heard in federal court.

38.    Nonetheless, Plaintiff claims that her personal injury, like those of the plaintiffs in similar lawsuits, has been caused by alleged toxic and hazardous constituents of CCR, which

includes uranium. Uranium is defined as a source material for purposes of the Price-Anderson Amendments Act. *See* 42 U.S.C. § 2014(z)(1); 10 C.F.R. § 40.4. Plaintiff's claims therefore arise from an alleged "nuclear incident" and constitute a public liability action. 42 U.S.C. § 2014(q), (w), (hh).

39.    Plaintiff purports to bring her claims under state law, but because her claims are within the scope of the Price-Anderson Act of 1988, those claims can ***only*** arise under federal law. *See Pinares*, 973 F.3d at 1259.

40.    A civil action filed in state court may be removed to federal court if the claim arises under federal law, looking to the well-pleaded allegations in the complaint. Further, federal question jurisdiction arises—even when a complaint facially asserts only state law claims—where Congress has expressly provided for the removal of such action. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("[A] state claim may be removed to federal court . . . when Congress expressly so provides, such as in the Price-Anderson Act . . . .").

41.    Accordingly, there is original federal jurisdiction over Plaintiff's claims, and this action is removable under § 2210(n)(2). *See, e.g.*, *Cotromano v. United Techs. Corp.*, 7 F. Supp. 3d 1253, 1257 (S.D. Fla. 2014) (finding removal proper under the Price-Anderson Act where plaintiffs raised state law negligence, trespass, and strict liability claims for personal injury, allegedly caused by uranium and thorium contamination ).[5]

---

[5] Georgia Power asserts that all of Plaintiff's claims are removable under § 2210(n)(2), but to the extent any claims are considered not removable based on original jurisdiction, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claims because all of Plaintiff's claims form part of the same case or controversy.

### III.     CONCLUSION

For the foregoing reasons, Georgia Power hereby removes this action to this Court under

the Price-Anderson Amendments Act of 1988 and under 28 U.S.C. § 1331.

Respectfully submitted this 9th day of March, 2022.

**ALSTON & BIRD, LLP**

*/s/ Meaghan G. Boyd*
Meaghan G. Boyd
Georgia Bar Number 142521
Meaghan.boyd@alston.com
Douglas S. Arnold
Georgia Bar Number 023208
Doug.arnold@alston.com
Jenny A. Hergenrother
Georgia Bar Number 447183
jenny.hergenrother@alston.com
Lee Ann Anand
Georgia Bar Number 004922
leeann.anand@alston.com
Sara M. Warren
Georgia Bar Number 966948
sara.warren@alston.com

One Atlantic Center
1201 West Peachtree St.
Atlanta, Georgia 30309-3424
Tel: 404-881-7000

**JAMES-BATES-BRANNAN-GROOVER-LLP**

Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
Lee M. Gillis, Jr.
Georgia Bar No. 217515
lgillis@jamesbatesllp.com

231 Riverside Drive
Post Office Box 4283
Macon, Georgia 31208
Tel: 478-742-4280

**ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC**

Richard Robbins
Georgia Bar 608030
rrobbins@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com

500 14th Street, NW
Atlanta, Georgia 30318
Tel: 678-701-9381

*Attorneys for Defendant*
*Georgia Power Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Notice of Removal and its exhibits by mailing the

same to counsel for Plaintiff, pursuant to Fed. R. Civ. P. 5(b):

**STACEY EVANS LAW**
Stacey Godfrey Evans
Tiffany Watkins
John Amble Johnson
4200 Northside Parkway, NW
Bldg One; Suite 200
Atlanta, Georgia 30327

**ADAMS LAW FIRM**
Brian P. Adams
Mary Beth Hand
598 D.T. Walton Sr. Way
Macon, GA 31201

**CONLEY GRIGGS PARTIN LLP**
Cale H. Conley
4200 Northside Parkway, N.W.
Building One, Suite 300
Atlanta, Georgia 30327

This 9th day of March, 2022.

*/s/ Meaghan G. Boyd*
Meaghan G. Boyd